OPINION OF THE COURT
William P. Warren, J.
This court has before it a motion by the respondent brought on by order to show cause, seeking the following relief: (1) dismissing the summons, petition and writ of habeas corpus dated on or about March 26, 1990, for lack of personal jurisdiction and inconvenient forum; and (2) refusing to exercise jurisdiction or staying the summons, petition and writ of habeas corpus dated on or about March 26, 1990, due to inconvenient forum or simultaneous proceedings in Florida; or (3) in the alternative, directing petitioner to pay the travel, living and other costs, including attorney’s fees, to be incurred by the respondent and the infant child for traveling to New York from Florida and appearing in the within proceeding; and (4) waiving the disclosure of the present address of the respondent and/or child.
The essential facts for the purposes of this motion do not appear to be in dispute. The parties were married on December 10, 1988 in the State of Wisconsin. Their only daughter was born on May 5, 1989. The child lived with the parties in Virginia from May through July 14, 1989. At that time the respondent and the child moved to Florida. Sometime in August of 1989 the petitioner joined the respondent and the child in Florida where they remained until September of 1989, at which time they moved to New York. From September 1989 until March 22 or 26, 1990 the parties and the child lived in New York. On or about March 26, 1990, the respondent left the marital home with the child and traveled to Florida where she and the child presently reside at a location close to the home of her parents.
On March 26, 1990 the petitioner filed the instant petition for custody and a petition for a writ of habeas corpus. He appeared in court on March 26, 1990 pro se, and requested that the court sign the writ of habeas corpus. He claimed that his wife (the respondent) had removed the child from his home the day before and that he had no knowledge of either of their whereabouts. Petitioner did not know whether the respondent was in New York State or had returned to another jurisdiction. He thought that she might have gone to her parents’ house in Florida.
*138 After inquiring of the petitioner regarding any possible locations of the respondent and child, the court determined that since he did not know the whereabouts of the petitioner service of the custody petition by personal delivery would be impractical and therefore directed an alternative method of service. Service was to be made by (1) regular and certified mail to the respondent care of her parents’ residence in Florida, (2) regular mail to her last known address in Pomona, New York, (3) regular and certified mail to the respondent care of her last known employer, (4) to respondent by regular mail at the school in White Plains, New York where she had been attending.
Respondent now urges this court to dismiss the petitions. First, it is argued that this court does not have personal jurisdiction over the respondent due to the allegedly improper manner of service. She argues as follows. First, this is a custody proceeding brought under article 6 of the Family Court Act and therefore service of process outside of New York State does not establish personal jurisdiction. Second, assuming service could be made out of State, since it was not made pursuant to CPLR 308 (1), (2) or (4) and 313, it is defective. Third, if the proceeding was deemed one under article 5-A of the Domestic Relations Law (Uniform Child Custody Jurisdiction Act) the petition is defective since the information required by Domestic Relations Law § 75-j (1) is not in the petition. Fourth, if article 5-A of the Domestic Relations Law applies, since the service by registered mail was made by petitioner and not someone "not a party” to the proceeding service is defective under CPLR 2103 (a).
Respondent is in error when she contends that this proceeding was commenced under article 6 of the Family Court Act and therefore out-of-State service of process is not authorized. Domestic Relations Law § 75-c (3) defines "custody proceeding” as: " 'Custody proceeding’ includes proceedings in which a custody determination is at issue or is one of several issues including any action or proceeding brought to annul a marriage or to declare the nullity of a void marriage, or for a separation, or for a divorce, but not including proceedings for adoption, child protective proceedings or proceedings for permanent termination of parental custody, or proceedings involving the guardianship and custody of neglected or dependent children, or proceedings initiated pursuant to section three hundred fifty-eight-a of the social services law.”
So long as this court has jurisdiction under section 75-d of *139 the Domestic Relations Law to make a custody determination then the type of service necessary to obtain personal jurisdiction would be governed by Domestic Relations Law §§ 75-e and 75-f. Section 154 of the Family Court Act is not applicable. It matters not whether one characterizes this proceeding as one under article 6 of the Family Court Act or pursuant to article 5-A of the Domestic Relations Law. Article 6 of the Family Court Act gives the Family Court jurisdiction to hear child custody matters, while article 5-A of the Domestic Relations Law sets up a uniform procedure for handling custody disputes. The Practice Commentaries by Professor Merril Sobie to section 75-c of the Domestic Relations Law (McKinney’s Cons Laws of NY, Book 14, at 297-298) provide: "In furtherance of Article 5-A’s basic purpose to rationalize custody proceedings and minimize interstate conflicts (See, section 75-b), the definitional section generally opts for broad interpretations. The intent is to encompass all private custody and visitation disputes and to include all persons who have or may have an interest in the litigation. * * * The most notable aspect of Subdivision Three, which defines 'custody proceedings’, is the inclusion of almost every type of private custody dispute, ranging from habeas corpus petitions to matrimonial proceedings, while excluding state actions such as child protective proceedings”.
It is clear from the language above quoted that the intention behind article 5-A of the Domestic Relations Law was to bring within its scope all custody proceedings brought in the State of New York. Of course, if both parties are residents of the State of New York many of the provisions of article 5-A are not applicable. However, in the instant proceeding, the respondent is physically present in the State of Florida and the petitioner is physically present in the State of New York. Clearly this state of facts brings this proceeding within the purview of article 5-A of the Domestic Relations Law. Therefore, service may be made out of State pursuant to the requirements of Domestic Relations Law §§ 75-e and 75-f.
Domestic Relations Law § 75-e establishes a standard of "reasonable notice and opportunity to be heard” to contestants in a custody proceeding. Domestic Relations Law § 75-f provides the method of notice to persons outside of the State and allows for receipted mail. No requirement for service under CPLR 308 (1), (2), or (4) is set forth as respondent contends in her second argument.
Third, respondent argues that no aifidavit was filed by *140 petitioner as required under Domestic Relations Law § 75-j. In petitioner’s responding papers such an affidavit is included and pursuant to CPLR 2001, this court will disregard the irregularity of a failure to include it with the original petition since respondent is in no way prejudiced by such act.
Fourth, respondent claims that since the petitioner himself did the mailing it is defective. The court finds this argument without merit. Yes, the petitioner did mail the papers, but it is not disputed that the respondent received actual notice of the proceedings. This court believes that under the circumstances such service constitutes at most a mere irregularity and is not jurisdictional. (Matter of Kandel v State Div. of Human Rights, 70 AD2d 817.)
Pursuant to this court’s direction and in accordance with Domestic Relations Law § 75-f respondent was mailed notice of this proceeding. Service was proper and the court finds that personal jurisdiction has been obtained. This court, having determined that respondent has been properly served and is within the jurisdiction of this court, must now determine whether or not to proceed pursuant to article 5-A of the Domestic Relations Law. Domestic Relations Law § 75-d (1) gives this court jurisdiction under the act if: "(a) this state (i) is the home state of the child at the time of commencement of the custody proceeding, or (ii) had been the child’s home state within six months before commencement of such proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state”.
Domestic Relations Law § 75-c (5) defines home State as "the state in which the child at the time of the commencement of the custody proceeding, has resided with his parents, a parent, or a person acting as parent, for at least six consecutive months.” It is clear that New York is the home State of the child. It is the only jurisdiction in which the child ever resided for six consecutive months.
The only remaining issue is whether this court should keep jurisdiction. Again, this court turns to the Practice Commentaries by Professor Merril Sobie in connection with Domestic Relations Law § 75-d (McKinney’s Cons Laws of NY, Book 14, at 305) wherein he states: "the six-month residential requirement in conjunction with the statute’s provision for continuing jurisdiction (see below) affords a resident parent who has *141 been victimized by the removal of a child from the state an opportunity to commence action in his or her home town. Since the passage of six months is required before any other state may qualify as the new or superceding home state, that parent has a reasonable time to commence a legal action after his family has fled.”
Given the wording of the Commentaries as reflecting the public policy of this State, this court would need a compelling reason to decline jurisdiction.
Respondent offers three reasons why this court should find that it is an inconvenient forum and decline jurisdiction as permissible under Domestic Relations Law § 75-h. It is alleged that the move to New York in September of 1989 by the parties was intended to be a temporary one with a return to Florida envisioned in the near future. Yet, as evidence directly contrary to this claim, petitioner submitted to the court a lease signed by the respondent for one year from February 15, 1990 until February 15, 1991.
Respondent argues that her flight to Florida was necessitated by abuse petitioner perpetrated upon the respondent during the course of their stay in New York. While petitioner claims the allegations are untrue this court would nonetheless note that article 8 of the Family Court Act, family offense proceedings, provides a means whereby respondent can obtain court protection for any abuse which can be proven to have occurred. Even in the context of this custody proceeding the court can issue an order of protection if it finds one necessary to protect the respondent (see, Family Ct Act § 656).
Respondent claims financial hardship would result if she were required to litigate this proceeding in the State of New York. This may well be the case, but the court cannot accept such an argument whereby respondent created, by her own actions, the very circumstances which now result in her claimed hardship. She would have the court require the petitioner to travel to Florida to litigate the issue of custody rather than for her to return to the State of New York, the place she resided before she fled with this child. In this court’s view this would reward her for her improper conduct and punish the petitioner.
Domestic Relations Law § 75-h sets forth grounds for the court to consider in deciding whether it is an inconvenient forum. None of the grounds are met by the respondent’s arguments. No State can claim concurrent jurisdiction since *142 this child has not resided for a continuous six-month period in any other State. Any inconvenience caused by the continuing jurisdiction of this court was caused solely by the respondent’s conduct. Her convenience cannot be the paramount concern of the court. The respondent has offered no other legally sufficient grounds for this court to consider declaring it to be an inconvenient forum.
Finally, respondent argues that since a Florida dissolution action has been commenced, this court should not exercise its jurisdiction as permissible under Domestic Relations Law § 75-g. The court has serious questions about the validity of the respondent’s Florida action for dissolution. Attached to the respondent’s moving papers is a copy of her petition for dissolution of marriage filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. While the pleading is sworn to on April 19, 1990 by the respondent, less than a month after she left New York State, it alleges "The petitioner/wife Eileen Dunne, has been a resident of Palm Beach County, Florida for more than six months preceding the filing of this petition.”
For all of the foregoing reasons, the respondent’s application is denied in all respects. This court retains jurisdiction of the custody proceeding and requests that the Florida court decline jurisdiction. The Florida court where the dissolution petition was filed will be advised of this decision.
The parties and counsel are directed to appear before this court on the 22nd day of August 1990, at 9:30 a.m. for a preliminary conference. The infant is to be brought to the court on the aforesaid date and time by the respondent.
Pursuant to Domestic Relations Law § 75-Z counsel for the petitioner is directed to give notice to respondent of the possible consequences of her failure to appear. Since respondent has not provided any notice of her present residence the court directs, pursuant to Domestic Relations Law § 75-f (1) (c), that such notice may be mailed to her New York and Florida counsel by regular mail, at least 20 days prior to her scheduled appearance in this court.